In the Matter of:

Richard D. Borchert,
Joyce A. Borchert,

Case No. 23−00726−als7

Debtor(s)

## Reaffirmation Agreement With Neighborhood Finance Corporation
## Regarding Consumer Debt Secured by Real Property (#13)

☐ **PRELIMINARY RULING** / ☒ **RULING PURSUANT TO 11 U.S.C. SECTION 524(m)(1)**
(date entered on docket: July 7, 2023)

**The Court finds that:**

PART I

☒ As reflected by the 11 U.S.C. section 524(c)(3) certification, declaration or affidavit of the attorney for the debtor(s), an attorney represented the debtor(s) during the course of negotiating the agreement. **Accordingly**, the Court will not conduct an 11 U.S.C. section 524(d) hearing.

PART II

☐ Contrary to 11 U.S.C. section 524(c)(1), the agreement was not made before the granting of the discharge under section 727.

☐ The agreement was filed after the general discharge was entered, making compliance with the last sentence of 11 U.S.C. section 524(m)(1) impossible. ☐ The Court notes parenthetically that the same or substantially the same agreement was disapproved by the Court after timely notice and hearing. See docket number .

☒ The agreement concerns a consumer debt secured by real property. The Court reconciles what appears to be an inconsistency in the reaffirmation statute in favor of not disapproving such an agreement. Compare 11 U.S.C. section 524(m)(1) (presumption of undue hardship on debtor in all cases and with respect to all but credit union debts) with 11 U.S.C. section 524(c)(6)(B) and 524(d)(2) (no inquiry into undue hardship on debtor or dependent of debtor in pro se negotiated agreements that concern consumer debt secured by real property).

☐ The creditor is a credit union as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act. 11 U.S.C. section 524(m)(2) applies.

☐ The agreement amounts to an 11 U.S.C. section 365(p) stipulated motion to assume an unexpired lease that can be granted upon the Chapter 7 trustee rejecting the lease or not timely assuming the lease pursuant to 11 U.S.C. section 365(d). 11 U.S.C. section 524(c) does not apply.

☐ Other:

☐ None of the above findings apply.
☒ **Accordingly**, the Court will not review the agreement further to determine whether an 11 U.S.C. section 524(m)(1) hearing is warranted or to determine whether the agreement is not effective or enforceable due to an 11 U.S.C. section 524(k) deficiency.

☐ **Accordingly**, the Court will review the agreement further to determine whether an 11 U.S.C. section 524(m)(1) hearing is warranted.

PART III

☐ No 11 U.S.C. section 524(m)(1) presumption of undue hardship is evident from a review of the agreement.

☐ An 11 U.S.C. section 524(m)(1) presumption of undue hardship is evident from a review of the agreement.

☐ Contrary to 11 U.S.C. section 524(m)(1), the debtor(s) did not include a written statement identifying additional sources of funds to pay the reaffirmed debt.

☐ The debtor(s) did include a written statement identifying additional sources of funds to pay the reaffirmed debt. That statement ☐ did rebut ☐ did not rebut the presumption to the satisfaction of the Court.

☐ No 11 U.S.C. section 524(m)(1) presumption of undue hardship is implied from a review of Schedules I and J.

☐ An 11 U.S.C. section 524(m)(1) presumption of undue hardship is implied from a review of Schedules I and J.

☐ Contrary to Rule 4008 of the Federal Rules of Bankruptcy Procedure, the debtor(s) did not include a written statement explaining any differences between the income and expense amounts stated on the schedules and those stated in the agreement.

☐ The debtor(s) did include a written statement explaining any differences between the income and expense amounts stated on the schedules and those stated in the agreement. That statement ☐ did rebut ☐ did not rebut the presumption to the satisfaction of the Court.

☐ Schedule J includes monthly expense(s) related to dischargeable debt(s) not being reaffirmed according to the statement of intentions filed by the debtor or as evident from a review of the docket to date. ☐ Elimination of said expense(s) from the budget results in a positive cash flow. ☐ In conjunction with the elimination or reduction of discretionary expense(s), elimination of said expense(s) from the budget results in a positive cash flow.

☐ Schedule J includes monthly discretionary expense(s). ☐ Elimination or reduction of said expense(s) from the budget results in a positive cash flow. ☐ In conjunction with the elimination of expense(s) related to dischargeable debts not being reaffirmed according to the statement of intentions filed by the debtor or as evident from a review of the docket to date, elimination or reduction of said expense(s) from the budget results in a positive cash flow.

☐ Other:

☐ **Accordingly,** the Clerk of Court has scheduled an 11 U.S.C. section 524(m)(1) hearing on the reaffirmation agreement during the 60 day presumption period and prior to the entry of a general discharge of debts. **In the interim, the debtor(s) may amend the relevant document(s) in an attempt to address the concerns of the Court. If the presumption is rebutted to the satisfaction of the Court by such amendment(s), the Court will enter a ruling canceling the hearing.**

☐ **Accordingly,** the Court will not conduct an 11 U.S.C. section 524(m)(1) hearing and will not review the agreement further to determine whether the agreement is not effective or enforceable due to any or any other 11 U.S.C. section 524(k) deficiencies.

## PART IV

☐ The agreement seemingly otherwise complies with the requirements of 11 U.S.C. section 524(k).

☐ The agreement does not comply with all the requirements of 11 U.S.C. sections 524(k)(1)–(3).

☐ The agreement does not comply with all the requirements of 11 U.S.C. section 524(k)(4).

☐ The agreement does not comply with all the requirements of 11 U.S.C. section 524(k)(5).

☐ The agreement does not comply with all the requirements of 11 U.S.C. section 524(k)(6).

☐ **Accordingly**, notwithstanding any subsequent finding that the 11 U.S.C. section 524(m)(1) presumption of undue hardship has been rebutted, the agreement will not be effective or enforceable absent timely amendment(s) to address any deficiency noted above.

/s/ Anita L. Shodeen  
Anita L. Shodeen  
U.S. BANKRUPTCY JUDGE

Parties receiving this ruling from the Clerk of Court:  
☒ Electronic Filers in this Chapter Case  
☒ Creditor (if not represented by an attorney who is an electronic filer in this case)  
☐ Others: